UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $36,765.00, U.S. Currency, | § | |
| Defendant in rem. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against $36,765.00 in United States currency and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

*Nature of the Action*

1. This is an action to forfeit Defendant in rem to the United States pursuant to 31 U.S.C. § 5317(c)(2).

*Defendant in Rem*

2. Defendant in rem is $36,765.00 in United States currency that was seized from Michael Kallas on February 8, 2010, at the George Bush Intercontinental Airport in Houston, Texas.

*Jurisdiction and Venue*

3. This Court has jurisdiction pursuant to 28 U.S.C. §1355 because this is

an action for forfeiture.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395 (a) and (b) because the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas, the property was found and is located in the Southern District of Texas, and this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

5. The Defendant in rem is subject to forfeiture under 31 U.S.C. § 5317(c)(2) which provides for the civil forfeiture of any property involved in a violation of 31 U.S.C. § 5316.  Under 31 U.S.C. § 5316(a)(1)(B), a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent, or bailee knowingly transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time to a place in the United States from or through a place outside the United States.  The United States currency involved in a violation of 31 U.S.C. §5316 is subject to civil forfeiture under 31 U.S.C. §5317(c)(2).

*Facts*

6. On February 8, 2010, Mr. Kallas arrived into the United States of America from San, Jose, Costa Rica, aboard Continental Airlines flight 1490 at the

George Bush Intercontinental Airport, Houston, Texas. While being processed through customs, he presented to a U.S. Customs and Border Protection officer (CBP Officer) a Custom Declaration form on which he stated that he was not carrying currency over $10,000. He stated verbally that he was carrying $5,600.00.

7. The CBP Officer inspected Mr. Kallas' luggage. The officer found two stacks of money in Mr. Kallas' shoes. One stack contained $24,800 and the second stack contained $11,800. The officer also found approximately $165.00 in Mr. Kallas' pants pocket. These funds were seized for forfeiture.

8. During an interview with Special Agent Laura Elder, Agent Elder asked Mr. Kallas why he answered "no" to the question: "I am (we are) carrying currency or monetary instruments over $10,000 US or foreign equivalent...." Mr. Kallas stated that it was dark in the airplane and he was just checking boxes.

*Relief Requested*

9. Plaintiff requests a) an arrest Warrants and summons, citing all persons having an interest in the Defendant in rem to appear on the return day of process by filing a claim and answer pursuant to Rule G(5), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by this Court, b) a judgment of forfeiture, and c) costs and other relief to which the Plaintiff may be entitled.

Respectfully submitted,

José Angel Moreno
United States Attorney

By: /s/ Albert Ratliff
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129
Houston, Texas 77208
Office: (713) 567-9579
Fax: (713) 718-3300
E-mail; albert.ratliff@usdoj.gov

## VERIFICATION

I, Laura Elder, Senior Special Agent, United States Immigration and Customs Enforcement, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this verified complaint for forfeiture in rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief.

Executed on May 3, 2010.

_____
Laura Elder, Senior Special Agent
U. S. Immigration and Customs Enforcement